# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | § | |
|---|---|---|
| INMOTION IMAGERY TECHNOLOGIES, LLC, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.  2:11-cv-415 |
| v. | § § | **JURY TRIAL DEMANDED** |
| NOTORIOUS PRODUCTIONS, INC.; WHITE GHETTO, INC.; THIRD WORLD MEDIA, LLC; NG VIDEO INC. d/b/a CHANNEL 69 VIDEO; BLACK MARKET ENTERTAINMENT, INC.; COMBAT ZONE CORP.; GENTLEMEN'S VIDEO, INC.; GOURMET VIDEO, INC.; SMASH PICTURES, INC.; DIGITAL SIN, INC.; ACID RAIN PRODUCTIONS, INC.; and, DIABOLIC VIDEO PRODUCTIONS, INC., | § § § § § § § § § § § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff InMotion Imagery Technologies, LLC (hereinafter, "InMotion" or "Plaintiff") by and through its undersigned counsel, files this Original Complaint against Defendants Notorious Productions, Inc.; White Ghetto, Inc.; Third World Media, LLC; NG Video Inc. d/b/a Channel 69 Video; Black Market Entertainment, Inc.; Combat Zone Corp.; Gentlemen's Video, Inc.; Gourmet Video, Inc.; Smash Pictures, Inc.; Digital Sin, Inc.; Acid Rain Productions, Inc.; and, Diabolic Video Productions, Inc. (collectively, referred to as "Defendants"), as follows:

## NATURE OF THE ACTION

1.      This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 6,526,219 (hereinafter, the "'219 patent"), entitled "Picture-Based Video Indexing System."  A copy of the '219 patent is attached hereto as Exhibit A.  InMotion is the assignee of the '219 patent.  Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.      Plaintiff InMotion is a limited liability company organized and existing under the laws of Texas with its principal place of business at 104 East Houston Street, Suite #175, Marshall, Texas 75670.  InMotion is the assignee of all title and interest of the '219 patent.  Plaintiff possesses the entire right to sue for infringement and recover past damages.

3.      Upon information and belief, Defendant Notorious Productions, Inc. ("Notorious Productions") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 527 N. Azusa Ave. #401, Covina, CA 91722.

4.      Upon information and belief, Defendant White Ghetto, Inc. ("White Ghetto") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 9721 Canoga Ave., Chatsworth, CA 91311.

5.      Upon information and belief, Defendant Third World Media, LLC ("Third World Media") is a company organized and existing under the laws of the State of California with its principal place of business located at 9362 Eton Ave. Unit B, Chatsworth, CA 91311.

6.      Upon information and belief, Defendant NG Video Inc. d/b/a Channel 69 Video ("Channel 69 Video") is a corporation organized and existing under the laws of the State of

California with its principal place of business located at 19345 Londelious #2, Northridge, CA, 91324.

7. Upon information and belief, Defendant Black Market Entertainment, Inc. ("Black Market") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 9320 Mason Avenue, Chatsworth, CA 91311-5201.

8. Upon information and belief, Defendant Combat Zone Corp. ("Combat Zone") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 9320 Mason Ave, Chatsworth, California 91311.

9. Upon information and belief, Defendant Gentlemen's Video, Inc. ("Gentlemen's Video") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 21638 Lassen St., Chatsworth, CA 91311.

10. Upon information and belief, Defendant Gourmet Video, Inc. ("Gourmet Video") is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 125 Route 526, Allentown, New Jersey 08501.

11. Upon information and belief, Defendant Smash Pictures, Inc. ("Smash Pictures") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 9619 Canoga Ave., Chatsworth, CA 91311.

12. Upon information and belief, Defendant Digital Sin, Inc. ("Digital Sin") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 21345 Lassen Street, Chatsworth, CA 91311.

13. Upon information and belief, Defendant Acid Rain Productions, Inc. ("Acid Rain") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 8735 Shirley Avenue, Northridge, CA 91324.

14. Upon information and belief, Defendant Diabolic Video Productions, Inc. ("Diabolic Video") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 9035 Independence Ave., Canoga Park, CA 91304.

## JURISDICTION AND VENUE

15. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.,* including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

16. The Court has personal jurisdiction over each Defendant because each Defendant has minimum contacts within the State of Texas, and the Eastern District of Texas;  each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas;  each Defendant has sought protection and benefit from the laws of the State of Texas;  each Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas;  and, Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

17. More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises its products and/or services in the United States, the State of Texas, and the Eastern District of Texas.  Upon information and belief, each Defendant has committed patent infringement in the State of Texas and in the Eastern District of

Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas.  Each Defendant solicits customers in the State of Texas and in the Eastern District of Texas.  Each Defendant has many paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respective Defendant's products and services in the State of Texas and in the Eastern District of Texas.

18. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### COUNT I – PATENT INFRINGEMENT

19. United States Patent No. 6,526,219, entitled "Picture-Based Video Indexing System," was duly and legally issued by the United States Patent and Trademark Office on February 25, 2003 after full and fair examination.  Plaintiff is the assignee of all rights, title, and interest in and to the '219 patent and possesses all rights of recovery under the '219 patent including the right to sue for infringement and recover past damages.

20. Upon information and belief, Notorious Productions has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

21. Upon information and belief, Notorious Productions has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

22. Upon information and belief, White Ghetto has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

23. Upon information and belief, White Ghetto has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

24. Upon information and belief, Third World Media has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

25. Upon information and belief, Third World Media has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

26. Upon information and belief, Channel 69 Video has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

27. Upon information and belief, Channel 69 Video has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

28. Upon information and belief, Black Market Entertainment has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

29. Upon information and belief, Black Market Entertainment has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

30. Upon information and belief, Combat Zone has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

31. Upon information and belief, Combat Zone has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

32. Upon information and belief, Gentlemen's Video has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States,

videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

33. Upon information and belief, Gentlemen's Video has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

34. Upon information and belief, Gourmet Video has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

35. Upon information and belief, Gourmet Video has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

36. Upon information and belief, Smash Pictures has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

37. Upon information and belief, Smash Pictures has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

38. Upon information and belief, Digital Sin has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling

(directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

39. Upon information and belief, Digital Sin has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

40. Upon information and belief, Acid Rain Productions has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

41. Upon information and belief, Acid Rain Productions has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

42. Upon information and belief, Diabolic Video Productions has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

43. Upon information and belief, Diabolic Video Productions has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

44. Each Defendant's aforesaid activities have been without authority and/or license from Plaintiffs.

45. Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 3 U.S.C. § 284.

46. Defendants' infringement of Plaintiff's exclusive rights under the '219 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

47. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

48. Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

    A. An adjudication that one or more claims of the '219 patent has been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

    B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with pre-judgment and post-judgment interest;

    C.    A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '219 patent;

    D.    That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

    E.    Any further relief that this Court deem just and proper

Dated: September 15, 2011

Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM P.C.**
111 West Tyler Street
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Email: bdavis@bdavisfirm.com

Of Counsel:

Douglas L. Bridges
Georgia State Bar No. 080889
Jacqueline K. Burt
Georgia State Bar No. 425322
**HENINGER GARRISON DAVIS, LLC**
1 Glenlake Parkway, Suite 700
Atlanta, Georgia 30328
Telephone: (678) 638-6308
Facsimile: (678) 638-6142
Email: dbridges@hgdlawfirm.com
Email: jburt@hgdlawfirm.com